UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSE L. DIAZ BARRIOS,

      Petitioner,

    v.

WARDEN, SOUTH FLORIDA
DETENTION FACILITY, IN
OFFICIAL CAPACITY, et al.,

      Respondents.

Case No. 2:26-cv-499-KCD-DNF

_____/

## **ORDER**

Petitioner Jose L. Diaz Barrios has filed a habeas corpus petition challenging his detention by U.S. Immigration & Customs Enforcement ("ICE"). (Doc. 1.)[1] He claims that his continued imprisonment violates the Fifth Amendment as interpreted by *Zadvydas v. Davis*, 533 U.S. 678 (2001) and he has been denied procedural due process. Respondents oppose the petition. (Doc. 13.) For the reasons below, the petition is **DENIED**.

### **I. Background**

Barrios is a native of Cuba who entered the United States on May 16, 1980. (Doc. 1 ¶ 1.) He was served with a Notice to Appear on or about November 17, 2011, and was ordered removed by an Immigration Judge on

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

March 4, 2013. (Doc. 13-1 at 3-8.) Petitioner was placed on an Order of Supervision following his removal order. (Doc. 1 ¶ 8). He was served a Notice of Revocation of Release on November 15, 2025, given an informal interview, and placed in immigration custody that day. (Doc 13-1 at 9-11.) He was issued a Notice of Removal to Mexico on January 14, 2026. (*Id.* at 12.) Shortly thereafter, he filed this petition for writ of habeas corpus. (Doc. 1.)

## II. Legal Framework

The federal habeas statute, 28 U.S.C. § 2241, provides authority to issue writs of habeas corpus when an individual is "[i]n custody in violation of the Constitution or law or treaties of the United States." *Id.* § 2241(c)(3). "At its historical core, the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). "Section 2241 authorizes federal courts to hear challenges to immigration detention." *Grigorian v. Bondi*, No. 25-CV-22914-RAR, 2025 WL 2604573, at *2 (S.D. Fla. Sept. 9, 2025).

## III. Discussion

### A. Jurisdiction

The analysis begins with a jurisdictional challenge. Respondents argue that 8 U.S.C. § 1252(g) strips this Court of jurisdiction to even hear Barrios's plea because it arises from the "execution" of a removal order. (Doc. 13 at 3.)

We need not spend long here. The Supreme Court has repeatedly cautioned that § 1252(g) is narrowly tailored to three discrete actions, and it does not operate as a blanket ban on habeas review for prolonged detention. *See Jennings v. Rodriguez*, 138 S. Ct. 830, 841 (2018). Indeed, if the Government's sweeping interpretation were correct, *Zadvydas*—the seminal case where the Supreme Court held it could consider a habeas challenge to unlawful, prolonged immigration detention—would have been stopped in its tracks before ever reaching the merits. The Court is satisfied it has jurisdiction to decide whether Barrios's detention is lawful. *Zadvydas*, 533 U.S. at 688 (citing § 1252(g) yet concluding "that § 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention").

Respondents also claim that 8 U.S.C. § 1252(b)(9) bars judicial review. (Doc. 13 at 4.) Not so. The Eleventh Circuit has held that § 1252(b)(9) "only affects cases that involve[] review of an order of removal." *Canal A Media Holding, LLC v. United States Citizenship & Immigr. Servs.*, 964 F.3d 1250, 1257 (11th Cir. 2020). Barrios is not challenging his removal proceedings—he is challenging the antecedent detention. So "the Government's reliance on § 1252(b)(9) is misplaced." *Fernandez-Garcia v. U.S. Att'y Gen.*, No. 1-20-CV-23599-UU, 2021 WL 8821923, at *5 (S.D. Fla. Apr. 15, 2021).

**B. *Zadvydas* (Count I)**

Barrios invokes the Supreme Court's decision in *Zadvydas v. Davis*. (Doc. 1 ¶ 23.) There, the Supreme Court held that indefinite detention of aliens raises serious constitutional concerns. Once an order of removal is final, ICE should make every effort to remove the alien within a reasonable time. 533 U.S. at 701. Further, the Court concluded that six months is a presumptively reasonable period to detain a removable alien awaiting deportation. *Id.* "Although not expressly stated, the Supreme Court appears to view the six-month period to include the 90-day removal period plus 90 days thereafter." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002).

After that six-month period has passed and the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the burden then shifts to the Government to provide evidence sufficient to rebut that showing. *Id.* Thus, "in order to state a claim under *Zadvydas*, the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

Barrios's petition is premature because he has not been detained for longer than six months. Barrios notes that he "has been detained for more than the initial 90-day statutory removal period," and then jumps to the

4

burden-shifting framework, arguing that "there is no significant likelihood of removal in the reasonably foreseeable future." (Doc. 1 ¶ 27.) But until the six-month *Zadvydas* period concludes, detention is presumptively reasonable, and any substantive due process claim is not ripe. *See, e.g., Grigorian v. Bondi*, Case No. 25-CV-22914-RAR, 2025 WL 1895479, at *8 (S.D. Fla. July 8, 2025); *Lopez v. Dir. of Enf't and Removal Operations*, Case No. 3:25-cv-1313-JEP-SJH, 2026 WL 261938, at *12 (M.D. Fla. Jan. 26, 2026); *Guerra-Castro v. Parra*, Case No. 25-cv-22487-GAYLES, 2025 WL 1984300 at *4 (S.D. Fla. July 17, 2025) (finding habeas petition "premature" because "Petitioner has not been detained for more than six months"). This position finds support in other Supreme Court decisions. *See Johnson v. Guzman Chavez*, 594 U.S. 523, 529 (2021) (after the six-month period, "if the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must either rebut that showing or release the alien"); *see also Jiang v. Mukasey*, No. 2:08-cv-773-FtM-29DNF, 2009 WL 260378, at *2 (M.D. Fla. Feb. 3, 2009); *Noel v. Glades Cnty. Sheriff*, No. 2:11-cv698-FtM-29SPC, 2011 WL 6412425, at *2 (M.D. Fla. Dec. 21, 2011).

### C. Procedural Due Process (Count II)

That leaves Count II, where Barrios presses a procedural due process claim. (Doc. 1 at 6.) Barrios argues that he did not violate his supervision, so

ICE could not revoke his release, and he did not receive an interview when ICE detained him.

For starters, it's not entirely clear that Barrios is entitled to a freestanding due process analysis at this time. When the Supreme Court confronted the constitutional perils of indefinite immigration detention in *Zadvydas*, it did not instruct lower courts to start weighing the process afforded to the detainee. It set a timer. For the first six months, detention is presumptively reasonable. *Zadvydas*, 533 U.S. at 701. So until that timer goes off, *Zadvydas* itself seemingly supplies the constitutional metric. *Martinez v. Larose*, 968 F.3d 555, 566 (6th Cir. 2020). "In other words, the *Zadvydas* standard *is* due process: a § 1231 detainee who fails the *Zadvydas* test fails to prove a due process violation." *Castaneda v. Perry*, 95 F.4th 750, 760 (4th Cir. 2024). Because Barrios's detention is barely out of the starting gate, he is presumably not yet entitled to anything more.

But even if we assume the due process clause applies with full force, Barrios still comes up empty. At its core, the Due Process Clause demands that before the government strips a person of a protected liberty interest, it must provide notice and a meaningful opportunity to be heard. *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976). "Due process requires notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their

6

objections." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 272 (2010).

In the context of revoking a noncitizen's supervised release, ICE's regulations strike that constitutional balance by guaranteeing written notice and an informal interview that allows the individual to respond. *See* 8 C.F.R. §§ 241.4(l)(1), 241.13(i). Barrios received both. (*See* Doc. 13-1 at 9-11.) He got exactly what the Fifth Amendment requires—fair notice and a meaningful opportunity to be heard. *See Mathews v. Eldridge*, 424 U.S. 319, 333 (1976).

Barrios's argument that his clean supervision record precludes ICE from revoking his supervision also fails. He is subject to a final removal order that stands uncontested. The INA explicitly authorizes a return to detention to effectuate such orders. Under the rules, ICE may revoke a noncitizen's release to effectuate removal. 8 C.F.R. § 241.13(i)(2). And the government no doubt has a legitimate interest in doing exactly that—enforcing its laws, ensuring individuals do not flee, and protecting the public. *See Malam v. Adducci*, 469 F. Supp. 3d 767, 790 (E.D. Mich. 2020). Here, the Government revoked Barrios's release specifically to enforce his outstanding removal order, gave him notice that they were doing so, and afforded him an informal interview. Returning him to custody served a recognized, legitimate government objective and was done in compliance with the INA's regulations.

7

The Constitution guarantees a fair process, not a favorable result. Because ICE afforded Barrios the requisite notice and a meaningful opportunity to be heard, his procedural due process claim fails.

### IV. Conclusion

Barrios's legal challenge to the length of his detention is premature, and the procedural due process claim fails, so the habeas petition must be **DENIED**. However, this denial is without prejudice to Barrios refiling a new petition should his current detention exceed the six-month mark, and he can demonstrate there is no significant likelihood of removal in the reasonably foreseeable future. The Clerk is **DIRECTED** to terminate any pending motions[2] and close the case.

**ORDERED** in Fort Myers, Florida on March 20, 2026.

Kyle C. Dudek
United States District Judge

---

[2] The Warden of Alligator Alcatraz moves to dismiss, arguing he is an improper Defendant. (Doc. 14.) Because Barrios is being granted no relief, the Warden's argument is a moot issue.